Mary T. ANDREWS, et al, as Coadminis-
trators of the Estate of G.W.
Haschke, Petitioners

v.

Philip KOCH, Respondent.

No. C–4318.

Supreme Court of Texas.

Jan. 22, 1986.

Paul E. Knisely, Broadus A. Spivey, Dan
F. Junell, Spivey, Grigg, Kelly & Knisely,
Austin, for petitioners.

Dennis Miller, Minneapolis, Minn., for re-
spondent.

PER CURIAM.

The issue is whether a probate court,
after authorizing a contract for sale of
estate property which includes an ease-
ment, can later enter a nunc pro tunc order
to reform an administrators' deed to in-
clude the easement. In an unpublished
opinion, the court of appeals reversed the
judgment of the probate court, holding that
the error the probate court attempted to

correct was judicial, rather than clerical, and thus not susceptible to reformation by a nunc pro tunc order. We grant this writ application pursuant to Tex.R.Civ.P. 483, and without hearing oral arguments, we reverse the judgment of the court of appeals.

In order to pay debts and taxes of the estate, on March 25, 1982, Mary Andrews and Ray Green, co-administrators of the Estate of G.W. Haschke, applied to the probate court for a private sale of a certain tract of real property pursuant to a contract of sale between the administrators and the purchaser. An addendum to the contract of sale provided that the purchaser would have unlimited access to a road at the boundary of the tract. The probate courts' order stated that "the property ... shall be sold ... pursuant to the contract of sale ... and the addendum thereto." The sale was consummated. On April 30, 1982, the probate court signed a decree confirming the sale of the property and authorizing its conveyance to the purchasers. The administrators' deed incorporated into the decree did not mention the roadway easement as provided in the contract of sale.

Subsequently, the remainder of the Estate was partitioned. Respondent, Koch, received the adjacent tract and disputed the purchaser's authority to use the roadway easement. The administrators submitted a corrected deed to the probate court and in the alternative moved the court to sign an order nunc pro tunc correcting the administrator's deed to convey the easement. The probate court signed the nunc pro tunc order. The probate court also filed findings of fact and conclusions of law in which it found: the order of sale expressly required the sale of tract with unlimited use of the adjacent roadway [the easement]; the roadway easement was shown on a plat and discussed in an addendum to the contract of sale; this right-of-way was discussed by all parties at the hearing on application for sale; the administrator's deed description did not convey the agreed upon use of the roadway due to an inadvertent oversight in preparation of the deed for approval of the court; this omission was a clerical error; and, the administrators were thus ordered by the court to sign a correction deed pursuant to the nunc pro tunc confirmation judgment.

The court of appeals reversed the order and remanded the cause, holding that any reformation of the deed involved correction of a judicial error because the deed did not contain a description of the easement. The basis of this holding was that "[t]he deed and not the order conveyed the property to the purchaser." Thus, the court of appeals concluded that an order nunc pro tunc was inappropriate to correct the deed.

■ In arriving at its decision, the court of appeals has ignored the decision approved by this court in *Truelove v. Truelove*, 266 S.W.2d 491 (Tex.Civ.App.—Amarillo 1953, writ ref'd) where the court properly allowed reformation of a judgment by a nunc pro tunc order. In *Truelove*, a will contest, the court noted that the trial judge " 'inadvertently and unintentionally' signed and entered the wrong form of judgment (that is, the form presented to him by proponent) contrary to the pronouncement of judgment previously made by him in open court ..." *Id.* at 493. About four months later, counsel for the contestants discovered the error. The *Truelove* court deemed this mistake a clerical error and thus susceptible to the inherent powers of the court to change by an order nunc pro tunc. Similarly, in this case the probate court was merely correcting the signed judgment which inaccurately reflected the true decision reached.

■ We agree with the court of appeals when it states the rule that after a judgment has become final, the trial court may only correct clerical errors by nunc pro tunc judgment and may not correct judicial errors. The salient distinction between "clerical" and "judicial" errors lies in the exercise of the judgmental offices of the court. A clerical error is one which does not result from judicial reasoning or determination. *See Petroleum Equip. Fin.Corp. v. First Nat. Bank of Fort*

*Worth,* 622 S.W.2d 152 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.).

■ Correction by an order nunc pro tunc in the present cause would not involve additional judicial reasoning. The prior orders of the court show the judicial determination was that the sale be in conformity with the terms of the order of sale. The order that the probate court signed stated that "the property ... shall be sold ... pursuant to the contract of sale ... *and the addendum thereto.*" (emphasis added) When a prior judicial determination is evidenced, but the signed judgment inaccurately reflects the true decision of the court, the error is clerical and may be corrected. *See Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289 (1953).

■ The court of appeals states that under Tex. Probate Code Ann. § 356, the deed, and not the judgment, conveys the property. By this analysis, the court of appeals overlooks the obvious fact that both the order and the confirmation are also necessary for a valid transfer from the estate. Title will not pass without the order and confirmation. *James v. Gaal,* 282 S.W. 298 (Tex.Civ.App.—El Paso 1926, writ dism'd.) *See also* Tex. Probate Code Ann. §§ 331–55. Because the probate court had authority to correct the confirmation order, it also had authority to order a correction deed from the administrators.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.