COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )     

KENDALL
GUTIERREZ,                                     )                    No. 
08-00-00481-CV

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      383rd District Court

                                                                              )

H.L. BROOKS GUTIERREZ,                               )                 of El Paso County, Texas

                                                                              )

Appellee.                           )                        (TC# 94-12996)

 

O
P I N I O N

 

This
is the second of two opinions we have issued today involving the same parties
and the same underlying trial.[1]
These two appeals were consolidated for purposes of briefing and oral
argument.  In this appeal, Kendall
Gutierrez (Gutierrez) appeals from a nunc pro tunc order entered in connection with the denial of his
motion to modify managing conservatorship.  We affirm.

FACTUAL AND PROCEDURAL SUMMARY













Gutierrez
and Helen Louise Brooks, formerly Helen Louise Brooks Gutierrez (Brooks),
divorced on August 20, 1997.  They were
appointed joint managing conservators of their only child, Amber Chayenne Gutierrez, with Brooks having the exclusive right
to establish the primary residence of the child.  Two months later, Gutierrez filed a motion
for enforcement and clarification of the prior order, alleging that Brooks had
denied him visitation.  He also sought
injunctive relief to prevent Brooks from removing Amber from El Paso County,
claiming that he had not been provided with sixty days=
notice of a change of address as required in the divorce decree[2]
and that Brooks intended to deny him access to Amber by moving to Maine.  Brooks failed to appear at the hearing on the
motion for clarification despite having been served with process.  By order dated December 10, 1997, the trial
court required Brooks to return Amber to El Paso, and temporarily enjoined her
from removing the child from El Paso County for the purpose of changing the
child=s
residence without the express written consent of Gutierrez or a prior order of
the court.[3]  Because Gutierrez had an irregular work
schedule due to his employment as a firefighter, the order also clarified the
terms and conditions of visitation.  The
order denied any relief not expressly granted. 


            In January 1998, Gutierrez filed a
motion to modify the decree seeking sole managing conservatorship,
or alternatively, a modification of the visitation provisions.  Then in April of 1998, Gutierrez filed a
motion to enforce the temporary injunction based upon his allegation that
Brooks had removed Amber from El Paso County and had refused to notify him of
the child=s
location.  Once again, Brooks did not
appear for the scheduled hearing on the enforcement action. Consequently, the
trial court entered temporary orders which appointed Gutierrez as temporary
sole managing conservator, suspended the order requiring Gutierrez to pay child
support, and ordered Brooks to pay monthly child support to Gutierrez in the
sum of $150.[4]

In
October 1998, Gutierrez filed a first amended motion to modify and motion for
enforcement of the injunction order.  In
the amended motion to modify, he sought to be appointed sole managing
conservator and to restrict Brooks= access to the child.  Finally, on December 16, 1999, Gutierrez
filed a second amended motion to modify in which he abandoned his request to be
named sole managing conservator and instead requested that he be appointed as
the joint managing conservator with the exclusive right to determine the
primary residence of the child.  He
further sought a domicile restriction designating El Paso County as Amber=s primary residence.

A
jury trial was conducted in January 2000 to determine the issues raised in the second amended motion to modify.  Questions One and Two inquired:

QUESTION 1

 

Should the terms and
conditions of joint conservatorship be modified?  Answer >Yes= or >No=:

 

ANSWER:

 

      
NO        

 

If your answer to
Question Number 1 is >Yes=,
then answer Question Number 2.

 

QUESTION 2

 

Which joint managing
conservator should have the exclusive right to determine the primary residence
of the child?

.          .          .

 

ANSWER:

 

                     

 








The trial court
did not immediately sign an order denying Gutierrez=s
motion to modify; instead, as the result of continuing disputes between the
parties, the court issued a memorandum in April 2000 clarifying the issues
heard by the jury.  The court
specifically determined that the domicile issue had been tried by consent and
that the jury had resolved the issue in favor of Brooks.  On June 23, 2000, the court entered a written
order denying the relief sought by Gutierrez in his second amended motion to
modify.  On the same date, the court held
Brooks in contempt for failure to allow visitation and failure to pay child
support.








On
July 20, 2000, Gutierrez filed a motion for enforcement alleging that the
injunction order had modified the decree of divorce, and therefore, the jury
verdict must be construed in his favor. 
On July 26, 2000, he filed a notice of appeal from the judgment dated
June 27, 2000.[5]  The following day, Brooks filed a motion for
judgment nunc pro tunc
or motion to clarify in response to Gutierrez=s
motion for enforcement.  She requested
that the order expressly reflect that Amber=s
residence was not restricted to El Paso County so that Brooks and Amber could
return to Maine.  Finally, on August 30,
2000, the trial court issued another memorandum order granting Brooks= motion for judgment nunc pro tunc which
was memorialized in a separate written order dated September 20, 2000.  That order, among other things, set aside the
temporary injunction and included a recitation that Brooks may designate the
child=s
residence and legal domicile.  Within the
period of plenary power following the September 20 order, Brooks filed a motion
to vacate that order for the sole purpose of correcting the title to read AOrder on Judgment Nunc
Pro Tunc.@  On October 18, 2000, the trial court[6]
signed an AOrder on
Judgment Nunc Pro Tunc.@ 
Pursuant to Gutierrez=s
request, the trial court entered findings of fact and conclusions of law on
October 20, 2000.  Finally, on October
26, 2000, Gutierrez filed a notice of appeal from the October 18 order.[7]  

ORDER NUNC PRO TUNC

In
Points of Error Four through Eight,[8]
Gutierrez challenges the October 18 order nunc
pro tunc on a variety of grounds.  Before reaching the merits of the argument,
however, we must resolve a jurisdictional issue raised by Brooks.

Jurisdiction








In
a motion to dismiss, Brooks argues that the court lacks jurisdiction because
Gutierrez did not timely file a notice of appeal from the June 23 or September
20 orders.[9]  A civil appeal is perfected when the notice
of appeal is filed.  Tex.R.App.P. 26.1; see Restrepo v. First Nat=l Bank of Dona Ana County, N.M.,
892 S.W.2d 237, 238 (Tex.App.‑-El Paso 1995, no
writ)(applying former Tex.R.App.P. 40(a)(1)).  If the appellant does not file a motion for
new trial, a motion to modify, a motion to reinstate under Rule 165a, or a
request for findings of fact or conclusions of law, the notice of appeal must
be filed within thirty days after the judgment or other appealable
order is signed.  Tex.R.App.P. 26.1; Restrepo,
892 S.W.2d at 238. 
A notice of appeal is considered timely if filed within fifteen days of
the due date and accompanied by a reasonable explanation for the failure to
file on the due date.  Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997); see also Tex.R.App.P. 26.3.

Rule
306a of the Texas Rules of Civil Procedure governs the beginning of the period
prescribed by those rules for the court=s
plenary power and for filing post-trial motions.  See Tex.R.Civ.P. 306a(1).  Rule 306a(6)
pertains to nunc pro tunc
orders:

When
a corrected judgment has been signed after expiration of the court=s plenary power pursuant to Rule 316,
the periods mentioned in paragraph (1) of this rule shall run from the date of
signing the corrected judgment with respect to any complaint that would not be
applicable to the original judgment.

Tex.R.Civ.P. 306a(6).  Rule 4.3(b) of the Texas Rules of Appellate
Procedure mirrors Rule 306a(6)=s
provision pertaining to correction or reformation of a judgment pursuant to
Rule 316 after expiration of plenary power:

(b)
After Plenary Power Period Expires. 
If the trial court corrects or reforms the judgment under Texas Rule of
Civil Procedure 316 after expiration of the trial court=s
plenary power, all periods provided in these rules that run from the date the
judgment is signed run from the date the corrected judgment is signed for
complaints that would not apply to the original judgment.

Tex.R.App.P. 4.3(b).








Rule
316 of the Texas Rules of Civil Procedure permits a trial court to correct
clerical mistakes in a judgment after notice has been provided to the
interested parties.  Tex.R.Civ.P. 316; see Jenkins v. Jenkins,
16 S.W.3d 473, 476 (Tex.App.--El Paso 2000, no
pet.).  A trial court=s correction of a clerical error during
the period of plenary power extends the appellate timetables.  Tex.R.Civ.P.
329b(h)(if a judgment is modified, corrected, or reformed in any respect, the
time for appeal shall run from the time the modified, corrected, or reformed
judgment is signed); Lane Bank Equipment Co. v. Smith Southern Equipment,
Inc., 10 S.W.3d 308, 313 (Tex. 2000). 
Pursuant to civil Rules 306a(6) and 329b(h),
and appellate Rule 4.3, however, a judgment nunc
pro tunc entered after expiration of plenary
power operates to re-start the appellate timetable but only with respect to any
complaint that would not be applicable to the original judgment.  Further, if the trial court corrects a
clerical error after the court=s
plenary power has expired, no complaint can be made on appeal that could have
been presented in an appeal from the original judgment.  Tex.R.Civ.P. 329b(h).

We
understand Gutierrez to argue that the trial court=s
orders of September 20 and October 18 re-started the appellate timetable
because they addressed matters not contained within the June 23 order, namely,
which party has the exclusive right to determine the child=s residency.  Thus, he reasons that his notice of appeal
dated October 26 perfected this appeal. 
Assuming that the September 20 order in fact addressed a matter not
found in the June 23 order, the appellate timetables would have re-started on
that date.  Consequently, a notice of
appeal from the September 20 order had to be filed no later than October
20.  Prior to the expiration of the court=s plenary power on October 20 and at
the written request of Brooks to vacate the September 20 order, the court
entered yet another nunc pro tunc
order on October 18.  That order had the
effect of again extending the time periods specified in Rule 306a(1).  As a result, Gutierrez=s
notice of appeal filed on October 26 is timely. 
Brooks=
motion to dismiss is overruled.

THE NUNC PRO TUNC ORDERS

Clerical Error v. Judicial Error








In
Points of Error Four and Eight, Gutierrez argues that the nunc
pro tunc orders do not correct a clerical mistake
but instead make a substantive change to the prior order.  We have authority to address each of these
complaints because they relate to the nunc
pro tunc orders rather than the June 23
order.  See Tex.R.Civ.P. 329b(h)(prohibiting
appellate review of complaints that could have presented in an appeal from the
original judgment).

The
purpose of a judgment nunc pro tunc is to correct a clerical error in the judgment
after the court=s plenary
power has expired.  Jenkins, 16 S.W.3d at 482.  To
be clerical in nature, the error must be one that is not the result of judicial
reasoning, evidence, or determination.  Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986).  The trial court has plenary power to correct
a clerical error made in entering final judgment, but it cannot correct
a judicial error made in rendering a final judgment.  Jenkins, 16 S.W.3d
at 482, citing Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986).  When deciding whether a correction is a
judicial or a clerical error, we look to the judgment actually rendered, not
the judgment that should or might have been rendered.  Jenkins, 16 S.W.3d
at 482.  The court can only
correct the entry of a final written judgment that incorrectly states the
judgment actually rendered.  Id.  Simply stated, even if the court renders
incorrectly, it cannot alter a written judgment which precisely reflects the
incorrect rendition.  Id.

            Following
the jury trial, the parties continued to debate which of them had the right to
determine Amber=s
residence and they disputed the effect of the jury verdict on that issue.  After consideration of the issue, the trial
judge issued a written memorandum, dated April 20, 2000, in which he concluded
that the domicile issue had not only been tried by consent during the jury
trial, it was the core issue decided by the jury.  The written order rendered on June 23 did not
expressly address the trial court=s
determination that the domicile issue had been litigated.  However, that order contained the following
recitation:








IT IS THEREFORE
ORDERED that the relief requested by KENDALL GUTIERREZ in the Second Amended
Motion to Modify in Suit Affecting the Parent Child Relationship, filed on
December 16, 1999, that he be awarded the exclusive right to determine the
child=s
residency, is DENIED and that the terms and conditions of the Joint Managing Conservatorship as contained in the final orders of this
court remain unchanged.  

 

The trial court
included the following additional language in the September 20 order: 

IT IS FURTHER
ORDERED AND DECREED THAT H.L. BROOKS GUTIERREZ may designate the child=s residence and legal domicile and is
not restricted to El Paso County.  The
December 9, 1997 Order is hereby set aside. 


 

The only change
made by the October 18 order nunc pro tunc is a change in the title from AOrder Denying Relief in Suit to Modify
in Suit Affecting the Parent Child Relationship@
to AOrder on Judgment Nunc
Pro Tunc.@

The
crux of Gutierrez=s
arguments is that the nunc pro tunc order was improper because there was no error to
correct.  He contends that the jury trial
proceeded on the second amended motion to modify and that the jury simply found
the existing joint managing conservatorship should
not be changed.  He explains what he
believes the Aexisting@ order provided:

The terms and
conditions of the Joint Managing Conservatorship at
the time this case was submitted to the jury are contained in the Final Decree
of Divorce and the December 9, 1997, Order, which ordered injunctions against
relocating outside El Paso, Texas. 
Specifically, at the time of the jury trial the only right to determine
residency Ms. Brooks had was within El Paso, Texas.

 








This argument is
flawed for two reasons.  First, he
concedes that the live pleading before the jury was the second amended motion
which specifically sought to modify the final decree of divorce by (1) naming
Gutierrez as the joint managing conservator having the exclusive right to
establish the primary residence of the child; and (2) obtaining a domicile
restriction designating El Paso County as Amber=s
primary residence.  Second, the
injunction was by its very language a Atemporary
injunction@ that
prevented relocation without Gutierrez=s
consent or a prior court order. 
In other words, the temporary injunction issued until such time as the
issues of primary custodian and domicile restriction could be litigated.  The injunction had been granted pursuant to
Section 105.001 of the Texas Family Code which permits a court to make a
temporary order for the safety and welfare of the child, including an order
which prohibits a person from removing the child beyond a geographical area
identified by the court.  See Tex.Fam.Code Ann. '
105.001 (Vernon Supp. 2001).  A temporary
injunction is by definition a temporary order effective until further order of
the court.  Indeed, if the temporary injunction
constituted a final order, as Gutierrez now contends, he already had a domicile
restriction in place and there was no need for his second amended motion to
modify to request one.  








Given
the specific relief sought by Gutierrez, the factual issues before the jury,
and the jury=s
determination that the terms and conditions of the joint managing conservatorship should not be modified, the trial court
correctly concluded that the jury had considered the issue of which parent
should be permitted to determine the child=s
primary residence and had resolved that issue against Gutierrez.  The trial court stated this determination in
a written memorandum prior to entry of the written judgment.  While the June 23 order had not expressly set
aside the injunction order which had temporarily modified the decree, that was certainly the effect since it provided that
the terms and conditions of the joint managing conservatorship
as contained in the final orders of the court remain unchanged.  By restoring the court=s
prior final orders pertaining to the terms and conditions of the joint managing
conservatorship, the June 23 order replaced the
injunction order so that it was unnecessary for the court to set aside the
injunction order.  Stated differently,
the September 20 and October 18 orders did not make a substantive change to the
June 23 order but merely corrected a clerical error in an effort to quell the
continuing controversy between these litigants. 
Points of Error Four and Eight are overruled.

Modification of June 23 Order

In
Point of Error Five, Gutierrez argues that the nunc
pro tunc orders are erroneous because they
conflict with both the June 23 order and the temporary injunction which he
characterizes as a final order.  He
contends that Brooks was obligated to file a motion to modify the injunction
order.

As
we have already noted, the injunction order prohibiting Amber=s removal from El Paso County had been
granted pursuant to Section 105.001 of the Texas Family Code.  See Tex.Fam.Code Ann. '
105.001(a)(4). 
This was an interlocutory and unappealable
order.  See Tex.Fam.Code Ann. '
105.001(e).  Given that Gutierrez=s second amended motion to modify
sought to litigate the residency issue, Brooks was not obligated to challenge
the injunction order by a motion to modify. 
The issue was already before the court. 
Gutierrez sought to be named the joint managing conservator having the
exclusive right to establish the primary residence of the child.  In the alternative, he sought a domicile
restriction, presumably meaning that if Brooks were to be named as the joint
conservator having the right to establish Amber=s
primary residence, Gutierrez wanted that right restricted to establishing Amber=s residence within El Paso County.  We conclude that the September 20 and October
18 orders did not make a substantive change to the June 23 order.  Point of Error Five is overruled.

Conflict Between Nunc Pro Tunc Orders and Jury
Verdict








In
Point of Error Six, Gutierrez argues that the jury did not decide the
relocation issue because the only question submitted was whether the terms and
conditions of the joint managing conservatorship
should be modified.  Once again,
Gutierrez assumes that the injunction order is a final order which modified the
terms and conditions of the decree, and therefore, Brooks was
obligated to challenge the order by filing a motion to modify.  Having failed to do so, Gutierrez reasons that
Brooks is not entitled to have the nunc pro
tunc orders reflect that she may designate the
child=s
residence and legal domicile.  Our
reasoning outlined in Points of Error Four and Five
applies equally here.  Point of Error Six
is overruled.

Trial by Consent

In
Point of Error Seven, Gutierrez challenges the trial court=s determination that the relocation
issue was tried by consent.  Rule 67 of
the Texas Rules of Civil Procedure provides that when issues not raised by the
pleadings are tried by implied consent, they must be treated in all respects as
if they had been raised in the pleadings. 
See Tex.R.Civ.P. 67. 
This rule is limited to those exceptional cases where it clearly appears
from the record as a whole that the parties tried an unpled
issue by consent.  In
re Walters, 39 S.W.3d 280, 289 (Tex.App.‑-Texarkana
2001, no writ); Stephanz v. Laird, 846
S.W.2d 895, 901 (Tex.App.‑‑Houston [1st
Dist.] 1993, writ denied).  First,
we reiterate that the issue was pled, and pled by Gutierrez himself.  Second, in order to determine whether the
issue was tried by consent, we must examine the record not for evidence of the
issue, but rather for evidence of trial of the issue.  Stephanz, 846 S.W.2d at 901. 
However, Gutierrez has not provided us with a reporter=s record.  Therefore, we are unable to review his
complaint.  Point of Error Seven is
overruled.  Having overruled Points of
Error Four through Eight, we affirm the nunc
pro tunc order dated October 18, 2000.

 

July 25, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Publish)











[1]  See also
Gutierrez v. Brooks, No.
08-00-00329-CV, ___ S.W.3d ___ (Tex.App.--El Paso
July 25, 2002, no pet. h.).





[2]  The decree
provides:  AEach
person who is a party to this order is ordered to notify each other party
within 10 days after the date of any change in the party=s current residence address, mailing address, home
telephone number, name of employer, address of employment, and work telephone
number.  The party is ordered to give
notice of an intended change in any of the required information to each other
party on or before the 60th day before the intended change.  If the party does not know or could not have
known of the change insufficient [sic] time to provide 60-day notice, the party
ordered to give notice of the change on or before the fifth day after the date
that the party knows of the change.@





[3]  We will refer
to this order as the injunction order throughout the remainder of the opinion.





[4]  In July 1999,
Brooks filed a motion to set aside this order because her attorney had been
suspended from the practice of  law and had not notified her of the
settings.  The attorney referenced in
that motion is not the attorney who represented Brooks at the subsequent jury
trial or on appeal.





[5]  On July 27,
2000, Gutierrez filed an amended notice of appeal in Cause Number 94-12996 to
clarify that he intended to appeal from the June 23, 2000 order which denied
his motion to modify.  Counsel for
Gutierrez had misread the date on the June 23 order as June 27 due to the trial
judge=s handwriting. 
Gutierrez also requested an extension of time in which to file the
notice of appeal which we granted on August 9, 2000.  The notice of appeal filed on July 26, 2000
is the basis of the appeal in Cause Number 08-00-00329-CV.





[6]  For reasons
not reflected in the record, the 171st District Court signed the order.





[7]  That notice of
appeal forms the basis of the instant appeal.





[8]  Since the
cases were consolidated for purposes of briefing, the first three points of
error contained within Gutierrez=s
consolidated brief pertain to the appeal in Cause Number 08-00-00329-CV.  For ease of reference and consistency, we
will refer to the points of error as they are designated in Gutierrez=s brief. 
Consequently, this opinion addresses only Points of Error Four through
Eight.





[9]  Brooks is
incorrect in her assertion that Gutierrez failed to timely perfect an appeal
from the June 23, 2000 order.  The notice
of appeal from that order was due to be filed no later than July 23, 2000, and
any motion for extension of time was due no later than August 8, 2000.  See Tex.R.App.P. 26.1.  Because the July 23 fell on a Sunday,
the due date for the notice of appeal was automatically extended to July 24,
2000.  See Tex.R.App.P. 4.1(a).  Gutierrez filed his notice of appeal on July
26, 2000.  The following day, July 27,
2000, he filed a motion for extension of time in which to file the notice of
appeal, which we granted on August 9, 2000. 
See Tex.R.App.P. 26.3.