In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-019 CV


____________________



SANDRA ANN FONTENOT, Appellant



V.



TODD MARTIN FONTENOT, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. 61,092






MEMORANDUM OPINION


 This appeal arises from a suit for divorce filed by Sandra Ann Fontenot against
Todd Martin Fontenot. Judgment was entered October 18, 2001. Subsequently, the trial
court granted Todd's motion for judgment nunc pro tunc and entered a new judgment on
December 28, 2001. Sandra appeals claiming the trial court erred in granting the judgment
nunc pro tunc.

 On August 15, 2001, the trial court ruled in open court, "the Petitioner will have
half of the Navy retirement of the Respondent's . . . ." Todd's motion for judgment nunc
pro tunc alleged the judgment entered October 18, 2001, failed to accurately reflect the
trial court's ruling in that it did not contain the correct language to award Sandra her 50%
share of Todd's retirement and in that it required Todd to carry Sandra as his beneficiary
under the Armed Services Survivor Benefit Plan (SBP). At the hearing on the motion for
judgment nunc pro tunc, the trial court stated, "What I meant to award was half the
pension, what it's worth today." Further, the trial court declared, "I know what I intended
to do. I intended to give Sandy half the pension. . . . I did not intend to make him carry
a life insurance policy.[ (1)] No one ever said anything about it. . . . [T]here is a separate
insurance policy that I made him carry Sandy as a beneficiary on to - up to the tune of
$36,000. I did not mean to give her any interest in any other insurance policy." 

 A discrepancy between the entry of a judgment in the record and the judgment as
actually rendered is a clerical error. See Andrews v. Koch, 702 S.W.2d 584, 585 (Tex.
1986). The judgment of December 28, 2001, reflects the trial court's intentions as
pronounced in his ruling on August 15, 2001. Based on the evidence presented in the
record, we therefore conclude the judgment entered on December 28, 2001, was within
the scope of a judgment nunc pro tunc.

 Sandra further contends the trial court's action violates Chapter 9 of the Texas
Family Code. See Tex. Fam. Code Ann. § 9.007 (Vernon 1998). Chapter 9 does not
apply to the correction of a clerical error via a judgment nunc pro tunc.

 Appellant's arguments are overruled and the judgment of the trial court is
AFFIRMED.

 PER CURIAM


Submitted on July 17, 2002

Opinion Delivered August 15, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The record reflects the trial court was referring to the SBP.