NO. 07-05-0191-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 4, 2005



______________________________




IN THE INTEREST OF M.C.D., A CHILD




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-525,781; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION

 Appellant Sonia Deanda Stone challenges a nunc pro tunc order of termination
finding that appellee Caleb Lindsey was not obligated to pay retroactive child support
arrears. By two issues, Sonia contends the trial court erred by (1) granting judgment nunc
pro tunc after its plenary power had expired and (2) finding that no child support arrearage
was due and that the child support judgment was zero in violation of section 157.262 of the
Family Code. (1) We reverse and vacate.

 In March 2004, a paternity test identified Caleb as M.C.D.'s biological father. As a
result, the trial court ordered Caleb to make monthly child support payments of $300 and
determined he was in arrears for retroactive support in the amount of $5,100. Pursuant
to Chapter 158 of the Family Code, the trial court signed an order for automatic withdrawal
of the support payments each month. 

 In August 2004, Sonia, M.C.D.'s biological mother and primary conservator, filed
a petition requesting termination of Caleb and M.C.D.'s parent-child relationship. In
response, Caleb executed an affidavit voluntarily relinquishing his parental rights. 
Following a hearing, the trial court entered an order of termination. The termination order
contained no mention of the current or retroactive child support owed by Caleb. However,
the court did enter an order terminating the prior order for withholding of earnings.

 In April 2005, Caleb filed a motion for judgment nunc pro tunc alleging the
termination order was incorrect because it did not "correctly reflect the parties agreement 
to waive the child support arrearage." At a hearing on the motion, Caleb testified that on
August 16, 2004, he and Sonia met in the courtroom and reached an agreement that "[a]ll
money would be stopped to her." Caleb stated that he interpreted this agreement to
include all retroactive and future child support payments. Caleb also testified that, despite
the order terminating the withholding of his income, a portion of his earnings and his
federal income tax return was still being withheld for support payments. Therefore, he
requested that the court reform the judgment to reflect the parties' agreement on the
arrearage.

 Conversely, Sonia testified that, although she did not expect any more money from
Caleb, she never agreed to relinquish her rights to the retroactive child support. However,
she stated that, after he relinquished his parental rights, she did not know if he would still
have to pay the retroactive support until she started receiving payments. After hearing the
testimony and concluding the arrearage issue was not before the court at the termination
hearing, on May 10, 2005, the trial court signed judgment nunc pro tunc that no arrearage
was owing. 

 By her first issue, Sonia contends the trial court should not have granted a judgment
nunc pro tunc after its plenary power had expired because it affected the substantive rights
of the parties. We agree. A trial court retains plenary jurisdiction to modify a final
judgment or order within thirty days after it is signed. Tex. R. Civ. P. 329b. Judicial actions
taken after the expiration of the trial court's plenary power are void. In re Southwestern
Bell Tel. Co., 35 S.W. 3d 602, 605 (Tex. 2000). Even so, Rule 316 of the Rules of Civil
Procedure authorizes a trial court to correct clerical errors in judgments even after the
expiration of its plenary power by judgments nunc pro tunc. Tex. R. Civ. P. 316. However,
judgments nunc pro tunc may not be used to correct judicial errors. Andrews v. Koch, 702
S.W.2d 584, 585 (Tex. 1986). Any attempt to correct a judicial error by judgment nunc pro
tunc is void. Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 59 (Tex. 1970).

 The distinction between "clerical" and "judicial" errors lies in the exercise of judicial
reasoning or determination. Andrews, 702 S.W.2d at 585. A judicial error is one which
occurs in the rendering as opposed to the entering of a judgment. Escobar v. Escobar,
711 S.W.2d 230, 231 (Tex. 1986). When deciding whether a correction is a judicial or a
clerical error, we look to the judgment actually rendered, not the judgment that should or
might have been rendered. Id. Consequently, it is the trial court's words which are
determinative, not its intent. See id. Furthermore, a trial court's determination that an error
is clerical is not binding on an appellate court. See Finlay v. Jones, 435 S.W.2d 136 (Tex.
1968). A judgment nunc pro tunc should be granted if the evidence is clear and convincing
that a clerical error was made. Riner v. Briargrove Park Property Owners, Inc., 976 S.W.2d
680, 683 (Tex.App.-Houston [1st Dist.] 1998, no pet.).

 In the present case, Caleb alleged in his motion for judgment nunc pro tunc that the
termination order was incorrect because it did not reflect his oral agreement with Sonia that
he was no longer required to pay any retroactive support. However, there is no evidence
the claimed omission in the judgment was the result of a clerical error or that the court even
had knowledge of the agreement. In fact, in granting the motion, the trial court observed
that the arrearage "wasn't raised to the Court, it was not an issue before the Court at the
time." The court further stated "there is no arrearage found by the Court, period, because
it wasn't an issue before me." In amending the termination order nunc pro tunc, the trial
court concluded that Caleb was "in arrears in the amount of $0.00, as of September 10,
2004." Because the issue of payment of the retroactive support arrearage was never
before the court, we conclude the omission of such language in the termination order was
not the result of a clerical error capable of being corrected by a judgment nunc pro tunc. 
Concluding that any error in the judgment was judicial rather than clerical, it could not be
altered after the court lost plenary jurisdiction. Sonia's first issue is sustained. Our
disposition of this issue pretermits our consideration of the remaining issue. Tex. R. App.
47.1.

 Accordingly, the nunc pro tunc order of termination signed May 10, 2005 is reversed
and vacated. 

 Don H. Reavis

 Justice


1. Appellee Caleb Lindsey did not favor us with a brief, pro se or otherwise.


false"
 UnhideWhenUsed="false" QFormat="true" Name="List Paragraph"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-02-00300-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



FEBRUARY
16, 2011

 



 

HUGO PIMIENTA, APPELLANT

 

v.

 

WOODFOREST NATIONAL BANK, APPELLEE 



 



 

 FROM THE 359TH DISTRICT COURT OF MONTGOMERY
COUNTY;

 

NO. 01-09-06078 CV; HONORABLE JAMES H. KEESHAN JR, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ON MOTION TO DISMISS

 

 

            Appellant
Hugo Pimienta has filed a motion to dismiss
this appeal because he was granted a discharge in his Chapter 7 bankruptcy
proceeding.  No decision of this Court
having been delivered to date, we grant the motion. Accordingly, the appeal is
dismissed. See Tex. R. App. P. 42.1(a)(1). All
costs related to this appeal are assessed against appellant. See Tex. R. App. P. 42.1(d). If dismissal will prevent appellee
from seeking relief to which it would otherwise be entitled, the Court directs appellee to file a timely motion for rehearing.
No motion for rehearing from
appellant will be entertained.

 

                                                                                                James
T. Campbell

                                                                                                            Justice