NO. 07-05-0191-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 4, 2005

_____

IN THE INTEREST OF M.C.D., A CHILD

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-525,781; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Sonia Deanda Stone challenges a nunc pro tunc order of termination finding that appellee Caleb Lindsey was not obligated to pay retroactive child support arrears. By two issues, Sonia contends the trial court erred by (1) granting judgment nunc pro tunc after its plenary power had expired and (2) finding that no child support arrearage was due and that the child support judgment was zero in violation of section 157.262 of the

Family Code.[1]  We reverse and vacate.

In March 2004, a paternity test identified Caleb as M.C.D.'s biological father.  As a result, the trial court ordered Caleb to make monthly child support payments of $300 and determined he was in arrears for retroactive support in the amount of $5,100.  Pursuant to Chapter 158 of the Family Code, the trial court signed an order for  automatic withdrawal of the support payments each month.

In August 2004, Sonia, M.C.D.'s biological mother and primary conservator, filed a petition requesting termination of Caleb and M.C.D.'s parent-child relationship.  In response, Caleb executed an affidavit voluntarily relinquishing his parental rights.  Following a hearing, the trial court entered an order of termination.  The termination order contained no mention of the current or retroactive child support owed by Caleb.  However, the court did enter an order terminating the prior order for withholding of earnings.

In April 2005, Caleb filed a motion for judgment nunc pro tunc alleging the termination order was incorrect because it did not "correctly reflect the parties agreement to waive the child support arrearage."  At a hearing on the motion, Caleb testified that on August 16, 2004,  he and Sonia met in the courtroom and reached an agreement that "[a]ll money would be stopped to her."  Caleb stated that he interpreted this agreement to include all retroactive and future child support payments.  Caleb also testified that, despite

---

[1]Appellee Caleb Lindsey did not favor us with a brief, pro se or otherwise.

the order terminating the withholding of his income, a portion of his earnings and his federal income tax return was still being withheld for support payments. Therefore, he requested that the court reform the judgment to reflect the parties' agreement on the arrearage.

Conversely, Sonia testified that, although she did not expect any more money from Caleb, she never agreed to relinquish her rights to the retroactive child support. However, she stated that, after he relinquished his parental rights, she did not know if he would still have to pay the retroactive support until she started receiving payments. After hearing the testimony and concluding the arrearage issue was not before the court at the termination hearing, on May 10, 2005, the trial court signed judgment nunc pro tunc that no arrearage was owing.

By her first issue, Sonia contends the trial court should not have granted a judgment nunc pro tunc after its plenary power had expired because it affected the substantive rights of the parties. We agree. A trial court retains plenary jurisdiction to modify a final judgment or order within thirty days after it is signed. Tex. R. Civ. P. 329b. Judicial actions taken after the expiration of the trial court's plenary power are void. In re Southwestern Bell Tel. Co., 35 S.W. 3d 602, 605 (Tex. 2000). Even so, Rule 316 of the Rules of Civil Procedure authorizes a trial court to correct clerical errors in judgments even after the expiration of its plenary power by judgments nunc pro tunc. Tex. R. Civ. P. 316. However, judgments nunc pro tunc may not be used to correct judicial errors. Andrews v. Koch, 702

3

S.W.2d 584, 585 (Tex. 1986). Any attempt to correct a judicial error by judgment nunc pro tunc is void. Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 59 (Tex. 1970).

The distinction between "clerical" and "judicial" errors lies in the exercise of judicial reasoning or determination. *Andrews*, 702 S.W.2d at 585. A judicial error is one which occurs in the rendering as opposed to the entering of a judgment. Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986). When deciding whether a correction is a judicial or a clerical error, we look to the judgment actually rendered, not the judgment that should or might have been rendered. *Id.* Consequently, it is the trial court's words which are determinative, not its intent. *See id.* Furthermore, a trial court's determination that an error is clerical is not binding on an appellate court. *See* Finlay v. Jones, 435 S.W.2d 136 (Tex. 1968). A judgment nunc pro tunc should be granted if the evidence is clear and convincing that a clerical error was made. Riner v. Briargrove Park Property Owners, Inc., 976 S.W.2d 680, 683 (Tex.App.–Houston [1st Dist.] 1998, no pet.).

In the present case, Caleb alleged in his motion for judgment nunc pro tunc that the termination order was incorrect because it did not reflect his oral agreement with Sonia that he was no longer required to pay any retroactive support. However, there is no evidence the claimed omission in the judgment was the result of a clerical error or that the court even had knowledge of the agreement. In fact, in granting the motion, the trial court observed that the arrearage "wasn't raised to the Court, it was not an issue before the Court at the time." The court further stated "there is no arrearage found by the Court, period, because

4

it wasn't an issue before me." In amending the termination order nunc pro tunc, the trial court concluded that Caleb was "in arrears in the amount of $0.00, as of September 10, 2004." Because the issue of payment of the retroactive support arrearage was never before the court, we conclude the omission of such language in the termination order was not the result of a clerical error capable of being corrected by a judgment nunc pro tunc. Concluding that any error in the judgment was judicial rather than clerical, it could not be altered after the court lost plenary jurisdiction. Sonia's first issue is sustained. Our disposition of this issue pretermits our consideration of the remaining issue. Tex. R. App. 47.1.

Accordingly, the nunc pro tunc order of termination signed May 10, 2005 is reversed and vacated.

Don H. Reavis<br>
Justice