

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### NUMBER 13-10-00672-CV

LFD HOLDINGS, LLP,                                             Appellant,

v.

CAMERON COUNTY APPRAISAL DISTRICT AND
CAMERON COUNTY APPRAISAL REVIEW BOARD,        Appellees.

### NUMBER 13-10-00673-CV

LACK'S VALLEY STORES, LTD.,                            Appellant,

v.

CAMERON COUNTY APPRAISAL DISTRICT AND
CAMERON COUNTY APPRAISAL REVIEW BOARD,        Appellees.

### On appeal from the 197th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Garza and Benavides
## Memorandum Opinion by Justice Garza

In these two consolidated appeals, we are asked to interpret a tax code provision defining the term "clerical error." *See* TEX. TAX CODE ANN. § 1.04(18) (West 2008). Appellants, LFD Holdings, LLP, and Lack's Valley Stores, Ltd. (collectively "LFD"), argue by three issues that the trial court erred when it determined that appellee, Cameron County Appraisal District ("CCAD"),[1] did not commit a "clerical error" when it assessed the value of appellants' inventory. We affirm.

## I. BACKGROUND

LFD rendered appraisals of its merchandise inventory to CCAD for tax years 2003, 2004, and 2005 which did not deduct any amount for depreciation of the property. CCAD then appraised the property in accordance with LFD's rendered values and notified LFD of the appraised values. When LFD later determined that the appraised value of the inventory was "far in excess" of its cash fair market value, it sought to challenge the appraisals. *See* TEX. CONST. art. VIII, § 20 ("No property of any kind in this State shall ever be assessed for ad valorem taxes at a greater value than its fair cash market value . . . ."). After exhausting its administrative remedies with CCAD's appraisal review board, LFD filed suit against CCAD, alleging that "clerical errors" were made in determining the market value of its inventory for the tax years at issue. After a two-day bench trial, the trial court denied LFD's claims. This appeal followed.

---

[1] Cameron County Appraisal Review Board, having been named as a defendant in the trial court's final judgment, is also a party to the appeal. However, appellants do not name this entity as an appellee in their appellate brief, and appellees' brief was submitted on behalf of only CCAD.

2

## II. DISCUSSION

**A.     Applicable Law and Standard of Review**

The Texas Tax Code provides an administrative procedure for property owners to protest the appraised value of their property.  According to the code, each appraisal district's chief appraiser must annually deliver an appraisal notice to all property owners and inform them of their right to protest the value.  TEX. TAX CODE ANN. § 25.19 (West 2008).  The chief appraiser then must submit the appraisal records to the appraisal review board, which hears and determines the protests.  *Id.* § 25.22 (West 2008).  If the appraisal district fails to establish the value of the property by a preponderance of the evidence, the review board must determine the protest in favor of the property owner. *Id.* § 41.43(a) (West 2008).

Once the appraisal roll is approved by the review board, it may not be changed except by local review under chapter 41 of the tax code, judicial review under chapter 42, or under the limited circumstances enumerated in subsection 25.25.  *Id.* § 25.25(a) (West 2008).  One of those limited circumstances is as follows:

> The appraisal review board, on motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal roll for any of the five preceding years[2] to correct:
>
> (1)     *clerical errors that affect a property owner's liability for a tax imposed in that tax year*;
>
> (2)     multiple appraisals of a property in that tax year; or
>
> (3)     the inclusion of property that does not exist in the form or at the location described in the appraisal roll.

---

[2] LFD originally filed suit in 2007.  Thus, subsection 25.25(c) applies to all of the appraisals alleged by LFD to be erroneous.

3

*Id.* § 25.25(c) (West 2008) (emphasis added). A property owner is entitled to obtain

judicial review of an appraisal review board's order determining a section 25.25 motion.

*Id.* § 42.01(1)(A) (West 2008). Upon judicial review,

> [i]f the court determines that the appraised value of property according to the appraisal roll exceeds the appraised value required by law, the property owner is entitled to a reduction of the appraised value on the appraisal roll to the appraised value determined by the court.

*Id.* § 42.25.

In 1990, this Court held that a "'[c]lerical error' is generally defined as 'a mistake

in writing or copying.'" *Matagorda County Appraisal Dist. v. Conquest Exploration Co.*,

788 S.W.2d 687, 693 (Tex. App.—Corpus Christi 1990, no writ) (citing BLACK'S LAW

DICTIONARY 229 (5th ed. 1979)). We stated that "[a] mistake which is 'clerical' in nature

is one which is not the result of judicial reasoning, evidence, or determination." *Id.* The

Legislature subsequently amended the tax code to add a precise definition of the term.

The statute states that a "clerical error" is an error:

> (A)   that is or results from a mistake *or failure* in writing, copying, transcribing, entering or retrieving computer data, computing, or calculating; or
>
> (B)   that prevents an appraisal roll or a tax roll from accurately reflecting a finding or determination made by the chief appraiser, the appraisal review board, or the assessor; however, "clerical error" does not include an error that is or results from a mistake in judgment or reasoning in the making of the finding or determination.

TEX. TAX CODE ANN. § 1.04(18) (emphasis added).

Whether the error identified by LFD is a "clerical error" under this definition is a

question of statutory construction, which we review de novo. *First Am. Title Ins. Co. v.*

*Combs*, 258 S.W.3d 627, 631 (Tex. 2008).

**B.     Analysis**

4

LFD states that CCAD's alleged error originated with the inclusion of the words "INVENTORY = 100% ORIGINAL COST" in its personal property depreciation table for the tax years at issue. According to LFD, this language violates section 20 of article eight of the Texas Constitution, as well as various tax code provisions including sections 23.01 and 23.011. *See* TEX. CONST. art. VIII, § 20; TEX. TAX CODE ANN. §§ 23.01 (West Supp. 2010) ("Except as otherwise provided by this chapter, all taxable property is appraised at its market value as of January 1."), 23.011 (West 2008) (stating that, if the cost method of appraisal is used to determine the market value of real property, the chief appraiser must "use cost data obtained from generally accepted sources" and "make any appropriate adjustment for physical, functional, or economic obsolescence"). LFD argues specifically that CCAD's adherence to this language in determining the inventory values was a clerical error under the statutory definition because it constitutes a "failure in . . . calculating." *See* TEX. TAX CODE ANN. § 1.04(18)(A).

Several months ago, LFD raised the same issue in a case against the Hidalgo County Appraisal District ("HCAD"). *Lack's Valley Stores, Ltd. v. Hidalgo County Appraisal Dist.*, No. 13-10-500-CV, 2011 Tex. App. LEXIS 4752 (Tex. App.—Corpus Christi June 23, 2011, pet. dism'd w.o.j.) (mem. op.). Our analysis in that case was as follows:

> The issue to be determined in this appeal is whether the word "failure," incorporated in the definition of "clerical error," includes failures to account for depreciation when assessing property valuations. We hold that it does not.
>
> There is no case that specifically addresses the treatment of the word "failure" as set forth in the definition of "clerical error." Lack's contends that we should review the legislative history to aid in our interpretation of the statute. However, because this statute is clear and unambiguous, "we must seek the intent of the legislature in the plain and ordinary meaning of

5

the words and terms used." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex. 1990); *Comdisco v. Tarrant County Appraisal Dist.*, 927 S.W.2d 325, 327 (Tex. App.—Fort Worth 1996, writ ref'd n.r.e.).

Prior to the enactment of section 1.04(18) of the [t]ax [c]ode, the Texas Supreme Court held that a clerical error occurred when such an error prevented the record from accurately reflecting the judgment actually rendered. *Andrews v. Koch*, 702 S.W.2d 584, 586 (Tex. 1986); *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040, 1041 ([]1912). A clerical error is one that is not the result of judicial reasoning or determination, but rather occurs when a judgment is reduced to writing. *Andrews*, 702 S.W.2d at 585; *Dickens v. Willis*, 957 S.W.2d 657, 659–[]60 (Tex. App.—Austin 1997, no pet.). . . .

The failure to account for depreciation is outside of the scope intended by the definition of "clerical error" pursuant to section 1.04(18) of the [t]ax [c]ode. *See* TEX. TAX CODE ANN. § 1.04(18). HCAD's failure was not a simple, inadvertent omission made while reducing a judgment into writing, but rather, the result of alleged reasoning and determination. The market value associated with each account was the byproduct of a deliberate determination by HCAD in which they assessed the property and gave it a value which they deemed appropriate. Therefore, the judgment actually entered was accurately reflected in the "Notice of Appraised Value" sent to Lack's and thus HCAD's failure to appropriately depreciate is not properly defined as a clerical error.

HCAD's alleged failure to properly assess the market value of Lack's inventory was the result of errors in the methodology, procedure, and/or computation. These are substantive issues that address the actual valuation of the property itself. However, section 25.25(c) does not make available to the taxpayer the opportunity to challenge the substantive reevaluation of a property's market value. *See Anderton v. Rockwall Central Appraisal Dist.*, 26 S.W.3d 539, 543 (Tex. App.—Dallas 2000, pet. denied); *see also* TEX. TAX CODE ANN. § 25.25(c). Rather, such claims must be brought through the appeals process set forth in Chapter 41 of the Texas Tax Code. *See Matagorda*, 788 S.W.2d at 692; *see also Tex*[.] *Nat'l Bank of Baytown v. Harris County*, 765 S.W.2d 823, 826 (Tex. App.—Houston [14th Dist.] 1988, writ denied). We decline to expand the definition of "clerical error" beyond its intended scope as set forth by the legislature . . . .

*Lack's Valley Stores, Ltd.*, 2011 Tex. App. LEXIS 4752, at *6–9.

We agree with the reasoning expressed in *Lack's Valley Stores*. Here, as in that

case, CCAD's failure to account for depreciation of LFD's inventory was the result of a

6

"deliberate determination" by CCAD in which it assessed the property and gave it a value which it deemed appropriate. *See id.* at *8. It was not a "mistake in writing or copying," *see Matagorda*, 788 S.W.2d at 693, nor was it a "simple, inadvertent omission made while reducing a judgment into writing," *see Lack's Valley Stores, Ltd.*, 2011 Tex. App. LEXIS 4752, at *8. Indeed, as was the case with HCAD in *Lack's Valley Stores*, the judgment of the appraisal review board in this case was accurately reflected in CCAD's notice to LFD. *See id.* at *8–9.

LFD does not provide this Court with any basis for deviating from the reasoning expressed in *Lack's Valley Stores*. We therefore conclude that CCAD's alleged failure to appropriately depreciate is not properly defined as a "clerical error" under the statutory definition. LFD's three issues are overruled.

## III. CONCLUSION

The trial court's judgments are affirmed.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
5th day of January, 2012.

7