# IN THE SUPREME COURT OF TEXAS

════════════
No. 10-1020
════════════

TEXAS DEPARTMENT OF TRANSPORTATION AND CITY OF EDINBURG,
PETITIONERS,

v.

A.P.I. PIPE AND SUPPLY, LLC AND PAISANO SERVICE COMPANY, INC.,
RESPONDENTS

════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS
════════════════════════════════════════════════════════

JUSTICE LEHRMANN, joined by JUSTICE GUZMAN, concurring.

I join the Court's opinion because I agree that the 2004 Judgment, which was issued after the expiration of the trial court's plenary power, makes a judicial change to the 2003 Judgment and is therefore void. I write separately to clarify why I agree.

As the Court notes, "a significant alteration to the original judgment may be accomplished through a judgment nunc pro tunc so long as it merely corrects a clerical error." ___ S.W.3d at ___ (citing *Andrews v. Koch*, 702 S.W.2d 584, 584–86 (Tex. 1986) (per curiam)). Indeed, clerical errors frequently concern matters of substance; they are simply errors "made in *entering* final judgment" and not "in *rendering* a final judgment." *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). Thus, the fact that the change made in the 2004 Judgment—which awards the City an easement as

opposed to the fee simple interest awarded in the 2003 Judgment—is undeniably significant has no bearing on the validity of the nunc pro tunc judgment. Rather, the change was invalid because the 2003 Judgment correctly reflects the true decision of the court, and the 2004 Judgment therefore improperly makes a judicial change beyond the expiration of the court's plenary power such that the 2004 Judgment is void.

In many cases, depending on the state of the record, it may be difficult for an appellate court to discern which of two conflicting judgments accurately "reflects the true decision of the [trial] court," ___ S.W.3d at ___ (quoting *Andrews*, 702 S.W.2d at 586) (internal quotation marks omitted), and, in turn, whether a judgment nunc pro tunc is valid. However, this case does not present such a dilemma. The evidence establishing the fee simple nature of the conveyance reflected in the 2003 Judgment is conclusive. In that judgment, the trial court ordered that the special commissioners' award "is hereby made[] the judgment of this [c]ourt." In turn, the special commissioners "award[ed] to [the City] all rights described and prayed for in [the City]'s Original Statement and Petition for Condemnation." And the City's condemnation petition requested "a final judgment of condemnation vesting in the City of Edinburg the fee title to said land and the rights therein." Further, as noted by the Court, the trial court in this case essentially conducted a ministerial duty in entering judgment on the special commissioners' findings, to which no one had objected. ___ S.W.3d at ___. In light of this evidence, there is no question that the "true decision of the court" was to award fee simple title. Thus, the 2004 Judgment's award of an easement to the City did not merely correct a clerical error and could not be accomplished through a judgment nunc pro tunc.

2

API contends the use of the term "right-of-way" in the City's condemnation petition and the 2003 Judgment renders it unclear whether the 2003 Judgment was awarding fee simple title or an easement. For example, the 2003 Judgment awards the City "title (right of way) described in attached Exhibit 'A' [the special commissioners' award] and 'B' [condemnation petition]," and orders issuance of a writ of possession to allow the City to "enter upon said right-of-way." The commissioners' award notes that the City sought a decree "vesting in [the City] a right-of-way . . . more fully described in [the City]'s [p]etition." The condemnation petition, in the paragraph setting out the purpose for the action, alleges that the land is sought for the purpose of "laying out, opening, constructing, reconstructing, maintaining, and operating . . . a certain right-of-way," specifically the US Highway 281 Drainage outfall ditches project.

However, such language does not call into question the effect of the 2003 Judgment. The term "right-of-way," used alone, may mean either a "right of passage" over a parcel of land or the parcel of land itself that "is to be used as a right of way." *Tex. Elec. Ry. Co. v. Neale*, 252 S.W.2d 451, 454 (Tex. 1952); *see also Lakeside Launches, Inc. v. Austin Yacht Club, Inc.*, 750 S.W.2d 868, 871 (Tex. App.–Austin 1988, writ denied). There is no indication that the condemnation petition, the special commissioners' award, or the 2003 Judgment used the term "right-of-way" synonymously with an easement or right of passage; rather, it was used to denote the property itself.

Further, the City's agreement with the issuance and recording of the 2004 Judgment nunc pro tunc, while potentially relevant to an equitable claim, does not call into question the true decision of the trial court in entering the 2003 Judgment. At that time, the trial court had before it the City's request for a judgment for "fee title" in the property and the unobjected-to special commissioners'

3

award, which awarded all rights prayed for in the petition. Again, because the 2003 Judgment adopted the award as the judgment of the court, it is clear that the 2003 Judgment awarded fee title to the City. Therefore, the 2004 Judgment purporting to award an easement, even if the City agreed to it, goes beyond the correction of a clerical error and is void.

It bears repeating that the invalidity of the 2004 Judgment is not evident from the fact that the two judgments are facially in conflict, which in and of itself does not raise suspicion. In reality, most nunc pro tunc judgments conflict substantively with the underlying judgments they are entered to correct. The nunc pro tunc judgment that merely corrects a misspelled word or a grammatical error is an anomaly. After all, reasonable parties do not generally file lawsuits to correct trivial mistakes such as missing commas or misspelled words. Rather, reasonable litigants go to court to correct clerical errors affecting substantive rights. A thorough review of this record, however, conclusively shows that the true decision of the trial court, as reflected in the 2003 Judgment, was to award fee simple title to the City.

Given that the 2004 Judgment was void, API could not acquire legal title from White because the City owned the land. I agree with the Court that any recovery against TxDOT and the City would necessitate application of the doctrine of equitable estoppel, which does not apply against the government under the circumstances of this case. Accordingly, I concur in the Court's opinion and judgment.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** April 5, 2013

4