

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00055-CV
_____

IN RE ELMO FORTENBERRY, RELATOR

ORIGINAL PROCEEDING

May 24, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Elmo Fortenberry, relator, proceeding pro se, has filed a "Motion to Nullify Judgment" in this Court. Based on relator's briefing and the relief requested, we construe his pleading as a petition for writ of mandamus.

In his petition, relator alleges errors and wrongful acts by the 251st District Court, Potter County, and prosecutor L. Charles Slaughter. His complaints appear to be based on the entry of a judgment of conviction signed on February 10, 2000, in cause number 29,723-C in the 251st District Court, which recites that relator was found guilty of the

offense of burglary of a habitation and sexual assault,[1] and a judgment nunc pro tunc entered in the same case on June 27, 2000, reflecting that relator was guilty of burglary of a habitation and attempted sexual assault.

Relator directs us to the written admonishments he signed in cause number 29,723-C on October 7, 1991, in which he entered a plea of guilty to the charge of burglary of a habitation. As we understand relator's argument, he asserts that the judgments dated February 10 and June 27 are fraudulent and subject him to ongoing harm because they do not accurately reflect the offense of which he was convicted. He requests that this Court compel the wrongdoers to destroy "all documents of fraud" and nullify his conviction.

We observe that the trial court entered a second judgment nunc pro tunc in cause number 29,723-C on August 10, 2004. *See Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986) (per curiam) (trial judge has authority to correct mistakes and misrecitals in judgment after judgment becomes final so long as error is clerical rather than judicial; clerical error is mistake occurring when reducing judgment to writing). The 2004 judgment nunc pro tunc states that relator "is guilty of the offense of Burglary of a Habitation as alleged in the indictment." Thus, it appears that the complaint relator asserts in his briefing has been remedied.

This Court's authority to grant original writs of mandamus is limited. We may issue such writs when necessary to enforce our jurisdiction or against (1) a judge of a district,

---

[1] This judgment was entered after the trial court revoked relator's deferred adjudication community supervision, which was imposed by order dated October 7, 1991, and adjudicated relator's guilt.

statutory county, statutory probate county, or county court in our district, (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the Code of Criminal Procedure within our district, or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the Family Code in our district. *See* TEX. GOV'T CODE ANN. § 22.221(a) & (b) (West Supp. 2020).

To the extent that relator seeks mandamus relief against the 251st District Court, the record before us does not disclose a necessity for such relief, as that court has addressed relator's complaint by entry of its second judgment nunc pro tunc. To the extent that relator's petition seeks mandamus relief against Potter County, the prosecutor involved in his case, or the Texas Board of Pardons and Paroles,[2] we do not have jurisdiction to issue a writ of mandamus against those individuals or entities. *See id.* Further, relator has not demonstrated that the requested relief is necessary to enforce our jurisdiction. *See id.*

A relator has the burden to present the appellate court with a record sufficient to establish the right to mandamus. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Because relator has not established his entitlement to the relief sought, the petition is denied. TEX. R. APP. P. 52.8(a).

Per Curiam

---

[2] Relator includes documents with his petition that appear to indicate that the Texas Board of Pardons and Paroles intends to impose conditions of parole that are applicable to a conviction for a sexual offense.