George E. HUTCHERSON, Jr., Relator,

v.

Hon. R.W. LAWRENCE, et al., Respondents.

No. 12–84–0118–CV.

Court of Appeals of Texas, Tyler.

June 28, 1984.

**948**

Reed Jackson, Fairfield, for relator.

R.W. Lawrence, pro se.

PER CURIAM.

This is an original proceeding in which George E. Hutcherson, Jr., relator, seeks a writ of mandamus requiring R.W. Lawrence, Judge of the 3rd Judicial District Court of Anderson County, to set aside a purported nunc pro tunc judgment. We granted the motion for leave to file on May 17, 1984, and scheduled a hearing for June 7, 1984.

On January 11, 1983, Judge Lawrence heard and, at the conclusion of the hearing, orally granted a petition for divorce in a suit between relator and Diane Claire Hutcherson (now Diane Claire Hughes, herein referred to as respondent Hughes). The property issue was taken under advisement, and additional matters were presented on May 13, 1983. By his letter dated March 1, 1983, addressed to both counsel with copy to the district clerk, Judge Lawrence gave a further announcement of his judgment, including an award to respondent Hughes of "$2,500.00 attorney's fees to be taxed as costs to [relator Hutcherson]," and requesting the submission by counsel of an appropriate judgment for entry. The judgment, which was submitted and signed by the court on June 7, 1983, did not include the award of attorney's fees.

■ After said judgment became final, the court, upon motion by respondent Hughes, rendered a judgment nunc pro tunc, signed October 7, 1983, awarding said attorney's fees to respondent Hughes. We do not agree with relator's contention that omission of the attorney's fee award from the original judgment was a judicial error. Judge Lawrence's letter of March 1, 1983, including the award of said attorney's fees as a part of his decision, conclusively shows that the failure to provide for such attorney's fees in the judgment signed on June 7, 1983, was a clerical error (rather than a judicial error) subject to correction by entry of a proper judgment nunc pro tunc. Tex. R.Civ.P. 316 and 317; *Wallace v. Rogers,* 517 S.W.2d 301, 303 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.).

■ We hold that the order that was rendered and signed on October 7, 1983, was not a proper nunc pro tunc order or judgment and should be set aside as void. It did not refer to, or purport to correct, any clerical error that had been made in the June 7, 1983, judgment, nor did it designate what entry, if any, was intended to be corrected. The October 7, 1983, order left unchanged the judgment of June 7, 1983. Tex.R.Civ.P. 301; *Quintanilla v. Seagraves Fort, Inc.,* 522 S.W.2d 274, 277 (Tex. Civ.App.—Corpus Christi 1975, no writ).

An informative discussion regarding proper entry of a judgment nunc pro tunc to correct a clerical error (as the attorney's fees award herein) is found in 4 R. McDonald, Texas Civil Practice in District and County Courts, §§ 17.07.1, 17.07.2, 17.08.1

and 17.08.2 (rev. 1971). In § 17.08.2 at page 65, it is stated that:

> The correction should be made by the entry of a reformed order or judgment. To eliminate any issue as to the validity of such new order or judgment, it should recite the corrective procedure, disclose the ground on which the court acts and indicate the error corrected, specify that it is entered either nunc pro tunc or in lieu of a former entry, and specifically vacate any prior incorrect entry that it supplants.

Judge Lawrence is directed to forthwith vacate the purported nunc pro tunc judgment of October 7, 1983. However, nothing herein shall operate to prevent a proper judgment nunc pro tunc from being entered. The petition for writ of mandamus is granted, but the writ will be issued only if necessary.