Linda BROOKS, Appellant,

v.

William R. BROOKS, Appellee.

No. 12–93–00050–CV.

Court of Appeals of Texas,
Tyler.

Aug. 26, 1993.

Tim James, Asst. Dist. Atty., Nacogdoches, for appellant.

James L. Garrett, III, Nacogdoches, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

BILL BASS, Justice.

Linda Brooks appeals from the trial court's judgment *nunc pro tunc* divorce decree, in which William Brooks was awarded one-half of Linda's retirement fund. We will affirm the trial court's judgment.

On August 17, 1992, the trial court rendered a judgment for divorce of the marriage between William and Linda Brooks. The civil docket sheet contains a notation that the divorce was granted, and that the husband would receive one-half of the wife's retirement benefits. However, on October 22, 1992, following Linda's motion to enter judgment, the trial court entered its judgment awarding to Linda all of her retirement benefits. On December 10, 1992, in response to William's motion to correct the judgment, the trial court entered its judgment *nunc pro tunc*. The corrected judgment reflected the August 17, 1992 judgment, awarding William one-half of Linda's retirement benefits.

The Appellant, in her first point of error, complains that the trial court erred when it failed to file findings of facts and conclusions of law. Linda timely and properly requested the findings and conclusions, and further notified the trial court of the past due findings of facts and conclusions of law. The Appellant argues that a trial court's failure to file such findings and conclusions constitutes reversible error. The authority, however, is to the contrary. If the appellate record shows that the complaining party has suffered no injury from the trial court's failure, reversal of the trial court's judgment is not required. *Cherne Industries, Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex.1989); *Las Vegas Pecan & Cattle Co. v. Zavala Cty.*, 682 S.W.2d 254, 256 (Tex.1984). Linda's appeal is limited to whether the trial court's judgment *nunc pro tunc*, awarding William

one-half of Linda's retirement benefits, was effective to supersede the court's original judgment. Because her attacks on the corrected judgment are questions of law relating only to whether the trial court had the authority to enter its judgment *nunc pro tunc,* she has suffered no harm by the court's failure to file its findings of facts and conclusions of law. Point of error one is overruled.

In her second point of error, the Appellant argues that the trial court erred in entering the judgment *nunc pro tunc* in that if there was error, the error was judicial error, and could not be corrected by a judgment *nunc pro tunc.* A trial judge has the authority to correct mistakes after the expiration of the court's plenary power only if the error is clerical rather than judicial in nature. *Andrews v. Koch,* 702 S.W.2d 584, 585 (Tex. 1986). A clerical error is one that does not result from judicial reasoning or determination. *Id.* A judicial error is one made by the court in rendering judgment, as opposed to the entering of the judgment in the record. *Escobar v. Escobar,* 711 S.W.2d 230, 231 (Tex.1986).

As evidenced by the trial court's notations on the docket sheet on the date the court rendered judgment, William Brooks was to receive one-half of Linda Brooks' retirement benefits. It appears that the trial court inadvertently signed and entered the original judgment, which awarded Linda all of her retirement benefits. The docket sheet showed a contrary intention by the trial court; we may consider such evidence in our determination of whether the omission was clerical or judicial in nature. *N-S-W Corp. v. Snell,* 561 S.W.2d 798, 799 (Tex.1977); *Energo Intern. Corp. v. Modern Indust. Heating,* 722 S.W.2d 149, 151 n. 2 (Tex.App.—Dallas 1986, no writ). The trial court made a prior judicial determination at the time it rendered judgment before the signing of the first decree. However, the signed judgment did not accurately reflect the decision of the court. Therefore, the error was clerical, properly corrected by a judgment *nunc pro tunc. See Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, 291–92 (1953), *cited with approval in Andrews,* 702 S.W.2d at 586. Point of error two is overruled.

In her final point of error, the Appellant maintains that the judgment *nunc pro tunc* was invalid because it did not contain each of the recommended elements listed in 5 R. McDonald, Texas Civil Practice in District and County Courts § 27.21 (rev.1992), and our opinion in *Hutcherson v. Lawrence,* 673 S.W.2d 947, 948–49 (Tex.App.—Tyler 1984, no writ). We agree that it would be helpful for trial courts, in their judgments *nunc pro tunc,* to recite the corrective procedure, disclose the ground on which the court was acting, indicate the error corrected, specify that the judgment was entered either *nunc pro tunc* or in lieu of a former entry, and vacate any prior incorrect entry that it supplants. We cannot, however, conclude that the failure to include each and every recommended element is fatal to a judgment *nunc pro tunc.*

The trial court's judgment *nunc pro tunc* included a clear caption, "FINAL DECREE OF DIVORCE *NUNC PRO TUNC.*" Furthermore, the corrected judgment stated that it reflects the judgment rendered on August 17, 1992, and corrects the October 22, 1992 judgment, which was "ministerially signed and ratified" by the court. It was further clear that the court included the specific provisions relating to the disposition of the Appellant's retirement benefits. We believe the court's judgment is sufficient in form and content to correct and supersede the October 22, 1992 judgment which was incorrectly entered. Point of error three is overruled.

The judgment of the trial court is affirmed.