KONENKAMP, Justice
(dissenting).
[¶ 20.] The Court holds that SDCL 15-6-60(a) (Rule 60(a)) cannot be used to add to the parties’ judgment of divorce statutory language reflecting Judge Grosshans’ oral ruling after trial to award the husband his full pension. Contrary to this Court’s constricted view of the rule, however, other “courts have usually taken a liberal approach to the terms ‘clerical mistakes’ and ‘errors’ arising from oversight or omission, in construing Rule 60(a) for application to a particular correction sought to be made in a judgment, order, or other part of the record.” Jean F. Rydstrom, Construction of Rule 60(a) of Federal Rules of Civil Procedure, 13 A.L.R. Fed. 794 § 4 (1972).
[¶ 21.] Surely, there can be no doubt from Judge Grosshans’ announced decision that his intention was to award both spouses their own pensions. The fact that the judgment does not reflect this intention constitutes a simple omission, precisely the kind of error the law allows to be corrected under Rule 60(a). Judge Trim-ble realized this and properly granted the husband’s motion to correct the judgment entered by Judge Grosshans. We are not entitled to reconsider this matter as if the motion had been originally brought before us. On this kind of appeal, our standard of review is most deferential. Unless we can say that Judge Trimble clearly abused his discretion, the decision should stand. Walsh v. Larsen, 2005 SD 104, ¶ 6, 705 N.W.2d 638, 641.
[¶ 22.] All the husband had asked for was that the trial judge’s decision be stated in the judgment. That is what the rule was designed to accomplish. Indeed, Rule 60(a) “enables a court to ensure that its orders, judgments, and other parts of its record of proceedings are an accurate reflection of the true actions and intent of the court and the parties.” 12 James Wm. Moore, Moore’s Federal Practice § 60.02[1] (3ded 2006). “It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake.” In the Matter of West Texas Marketing Corp., 12 F.3d 497, 504 (5thCir.l994).
[¶ 23.] Delay in bringing an omission to the attention of the court is not an overriding consideration. Rule 60(a) allows for the correction “at any time” of clerical mistakes and errors arising from oversight or omission. SDCL 15 — 6—60(a); cf Fed R Civ P 60(a). Although this Court ignores the “omission” part of the rule and thus limits the type of error subject to correction in this case, legal scholars take pains to point out that “Rule 60(a) permits the correction of clerical mistakes in judgments, orders, or other parts of the record as well as the correction of errors arising from oversight or omission.” 11 Charles Alan Wright, et al., Federal Practice and *94 Procedure § 2854 (2ded 1995) (emphasis added). Whether the mistake is designated a “clerical error” or an “oversight or omission” is of no import.
[¶ 24.] In reaching the opposite conclusion, this Court reasons that the judgment cannot be corrected because “[e]ven though Judge Grosshans may have intended to preclude [the wife] from claiming her entitled portion of the husband’s pension under the Federal Service Act, his intention is not clear from the record.” Can there really be any doubt what Judge Grosshans intended when he declared that each party was to be awarded the full value of his and her own pension? It is inconceivable to think that while he said that each would get the full value of his or her pension, at the same time, he really meant that they would nonetheless be entitled to a portion of each other’s pensions. Nothing in his oral decision suggests such an incongruous ruling. Indeed, in accord with the judge’s order to both parties to sign any documents necessary to effectuate his ruling, the husband followed through with his understanding of the judge’s decision: he signed a written waiver of any claim to the wife’s pension.
[¶ 25.] Following the divorce trial, the parties agreed upon a proposed judgment and decree of divorce. Judge Grosshans signed the judgment and decree in January 1996. A month later, the husband’s attorney sought to amend the decree to reflect that the wife had no claim to the husband’s pension. However, the parties were unable to agree and the judgment was never amended.[7] When the husband began the retirement process, he realized that certain boilerplate language required under the Federal Service Act governing Foreign Service pensions was missing from the decree. Before the federal government can comply with the decree, this language must be inserted. Adding the language to reflect the decision Judge Grosshans made is purely a mechanical act, a formality. It involves no judicial interpretation and no adjustment for an error of law or fact. It merely corrects an “oversight or omission.”
[¶ 26.] In a variety of circumstances, federal courts have applied Rule 60(a) to correct the type of omission we have here. In Dudley v. Penn-America Ins. Co., 313 F.3d 662 (2dCir.2002), an amended judgment was approved that corrected a judicial oversight arising from the court’s failure to include a monetary award in its original judgment. The same result was sanctioned in Semtner v. Group Health Serv. of Oklahoma, Inc., 129 F.3d 1390 (10thCir.l997) (omission of specific amount of damages may be viewed as a clerical error). Again, in the case of In re Walter, 282 F.3d 434, 440-41 (6thCir.2002), cert. denied, Giannetti v. Pruzinsky, 537 U.S. 885, 123 S.Ct. 118, 154 L.Ed.2d 144, where an order approving settlement failed to strike a party’s name so as to preserve his subsequent rights, the appellate court approved the lower court’s correction under Rule 60(a) to remove the party in accord with the court’s intent.
[¶ 27.] In state divorce proceedings, correcting an error of this type is not uncommon. Trial courts are often called upon to amend an order to add language to conform to the original intent of the court or the parties. See Antepenko v. Antepenko, 584 So.2d 836 (Ala.Civ.App.1991) (omission from decree of award of farm equipment to husband was correctible under *95 Rule 60(a)); Ozment v. Ozment, 11 P.3d 635, 639 (OKCivApp 2000) (QDRO); Brooks v. Brooks, 864 S.W.2d 645, 647 (TexCtApp 1993) (trial court properly corrected divorce judgment to effectuate judge’s intention to grant husband half of wife’s retirement benefits); Spomer v. Spomer, 580 P.2d 1146, 1149-50 (Wyo. 1978) (clarifying order properly entered as correction under Rule 60(a) to resolve whether husband’s obligation under decree to satisfy “mortgage” was intended to serve as property distribution or maintenance). See also Elsasser v. Elsasser, 989 P.2d 106 (Wyo.1999). See other state cases cited in James L. Buchwalter, Amendment of Record of Judgment in State Civil Cases to Correct Judicial Errors and Omissions, 50 A.L.R. 5th 653 (1997).
[¶ 28.] We are not here to decide whether we agree or disagree "with the original decision made by Judge Gros-shans, who is now retired. Our only function is to decide whether Judge Trimble appropriately amended the judgment to facilitate the decision Judge Grosshans made. Under our standard of review, the question is whether Judge Trimble abused his discretion. The record shows that he did not, and therefore his decision should be affirmed.

. That Judge Grosshans was given a copy of the federal statute governing Foreign Service pensions is of no significance because he asked the lawyers to draw the judgment for his signature. The fact that the original judgment did not contain the language from the federal statute constituted an oversight.