In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00153-CV**

_____

**IN RE MICHAEL WAYNE LOWMAN**

_____

**Original Proceeding**
**410th District Court of Montgomery County, Texas**
**Trial Cause No. 23-07-10524**

_____

**OPINION**

Michael Wayne Lowman filed a petition asking this Court to issue a writ of mandamus compelling the trial court to vacate its March 4, 2025, Judgment Nunc Pro Tunc, "and or" to schedule a hearing on a motion for new trial which he filed shortly after the Judgment Nunc Pro Tunc was signed. Samantha Lowman, the Real Party in Interest, filed a response. Because we conclude the Judgment Nunc Pro Tunc was signed outside the trial court's plenary jurisdiction and substantively modified an adjudicated portion of the original judgment based on additional judicial

1

reasoning and determinations, we conclude the Judgment Nunc Pro Tunc is void, and we conditionally grant partial relief.

## Background

This divorce case was heard on June 3, 2024. For reasons that do not impact our analysis, neither Michael nor his attorney were in attendance. On June 17, 2024, the trial court signed a Default Final Decree of Divorce, a provision of which was that "each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case."[1] Nothing in the record indicates any clerical error was made in this or any other respect when the trial court's rulings were reduced to writing and signed on that date.

On June 26, 2024, Michael filed a combined motion to set aside the default judgment and motion for new trial on grounds that do not impact our analysis.

On September 6, 2024, the trial court held a hearing on Michael's motion for new trial. During the hearing, Samantha's attorney requested attorney's fees that had been incurred "in order to respond to the motion and pleadings that were filed by Mr. Lowman and counsel," explaining:

> Judge, we're just getting to the point at this point that our client's litigation costs have been driven up by this entire thing. We've had multiple trial appearances, where Mr. Lowman has not appeared, his counsel has appeared, and listened to the court state it. We've had multiple hearings thereafter related to these issues, and so we are

---

[1] For simplicity, we refer to the Default Final Decree of Divorce as "the judgment" or "the final judgment."

2

requesting attorney's fees at this point in -- in response to this, and it's just -- how long is this going to go on?

After receiving testimony regarding the amount of attorney fees, the trial court orally pronounced that it denied Michael's motion for new trial and awarded $2,560 in attorney's fees in favor of the law firm representing Samantha.

On January 29, 2025, Samantha filed a Motion for Judgment Nunc Pro Tunc in which she argued the trial court's oral pronouncement awarding attorney's fees "was never formally entered" and that the "omission of such an order is a clerical error which is capable of correction[]" by judgment nunc pro tunc, "plenary power notwithstanding."

On March 4, 2025, the trial court signed an order granting Samantha's Motion for Judgment Nunc Pro Tunc and a separate order entitled "Order Denying Motion for New Trial [and] Judgment Nunc Pro Tunc" which denied Michael's motion for new trial and granted a judgment nunc pro tunc awarding $2,560 in attorney's fees to the law firm representing Samantha "for the expense of defending against the motion for new trial."

On March 13, 2025, Michael, acting pro se, filed another Motion for New Trial asserting grounds that do not impact our analysis.

On May 6, 2025, Michael filed a pro se petition for writ of mandamus in this Court asking us to compel the trial court to hold a hearing on his most recent motion for new trial and to "vacate the… Judgment Nunc Pro Tunc, as required by law."

3

Michael argues that "the trial court abused its discretion in signing the… Judgment nunc pro tunc on March 4, 2025 being it may have been outside the court[']s jurisdiction which would void anything[.]"[2]

Jurisdiction

"A court must have jurisdiction to act or its acts are void." *Hjalmarson v. Langley*, 840 S.W.2d 153, 155 (Tex. App.—Waco 1992, orig. proceeding). Our jurisprudence and rules of procedure impose temporal limits on a trial court's jurisdiction in any given case. A trial court's power naturally begins when the case is filed, but it does not end when the court signs a final judgment; instead, the court retains plenary jurisdiction for a time, the duration of which depends on whether certain steps are taken, as discussed below.

During its plenary jurisdiction, the trial court's power to change its own judgment is essentially absolute; it may correct, modify or reform the judgment, or it may set it aside or reverse it entirely. *See Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex. 1978); *Ibarra v. Bahad*, No. 05-23-00158-CV, 2024 Tex. App. LEXIS 3591, at *4 (Tex. App.—Dallas May 22, 2024, no pet.) (mem. op.). But after its plenary jurisdiction expires, the trial court's power is significantly limited. *See Ex parte City*

---

[2]Although a self-represented litigant "is still required to comply with the law and rules of procedure[,]" we liberally construe pleadings and briefs filed by such a litigant. *Giddens v. Brooks*, 92 S.W.3d 878, 880-81 (Tex. App.—Beaumont 2002, pet. denied).

*of Irving*, No. 15-24-00029-CV, 2024 Tex. App. LEXIS 8993, at *8 (Tex. App.—Austin [15th Dist.] Dec. 19, 2024, pet. filed) (mem. op.). "The general rule is that judicial action taken after the trial court's plenary power has expired is void." *Kenseth v. Dall. Cnty.*, 126 S.W.3d 584, 599 (Tex. App.—Dallas 2004, pet. denied); *see also City of Irving*, 2024 Tex. App. LEXIS 8993, at *8. As always, the general rule comes with certain exceptions, and the one that matters in this case is that even after its plenary jurisdiction has ended, "the court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under Rule 316[.]" Tex. R. Civ. P. 329b(f).

Nunc Pro Tunc

"A judgment nunc pro tunc can correct a clerical error in the original judgment, but not a judicial one." *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013). "A clerical error is a mistake occurring in the reduction of the judgment to writing, the correction of which does not result from 'judicial reasoning or determination,' but rather an examination of whether the writing properly reflects the judgment as actually rendered." *Burgess v. Burgess*, 834 S.W.2d 538, 540 (Tex. App.—Houston [1st Dist.] 1992, no writ) (quoting *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986)).

## Mandamus

In the absence of an applicable exception, any order signed outside a trial court's plenary jurisdiction is "void and constitute[s] an abuse of discretion[,]" and mandamus relief is appropriate to require a trial court to vacate such an order. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); Tex. R. Civ. P. 329b(f) (a trial court may at any time "sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired[]"). When a trial court's order is void, "the relator need not show it did not have an adequate appellate remedy and mandamus relief is appropriate." *Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

## Analysis

The final judgment in this case was signed on June 17, 2024. Ordinarily, the trial court would have retained plenary power over the judgment for only 30 days, but because Michael timely filed a motion for new trial on June 26, the trial court's plenary power was extended until the 30th day after the date the trial court would eventually overrule Michael's motion. *See* Tex. R. Civ. P. 329b(d), (e). When a trial court does not rule on a motion for new trial by way of a written order signed on or before the 75th day after the final judgment was signed, the motion for new trial is overruled by operation of law on that 75th day. *Id*. 329b(c). Here, August 31 was the 75th day after the judgment was signed, but since that was a Saturday and September

6

2 was a holiday, the 75-day period extended to the end of the next business day which was September 3. *See id*. 4. Although it was orally pronounced during the September 6 hearing that the court was overruling Michael's motion for new trial, the motion had already been overruled by operation of law on September 3 because no written order had been signed by that date. *See id*. 329b(c). The 30th day after September 3 was October 3, at which time the trial court's plenary power ended. *See id*. 4, 329b(e).

This means the trial court still had plenary power on September 6 when it announced in open court that it was awarding attorney's fees to Samantha's lawyer. But it also means the orders signed by the trial court on March 4, 2025, were signed after the trial court's plenary power expired on October 3, 2024. Therefore, unless an exception applies, the March 4 orders are void. *See Kenseth*, 126 S.W.3d at 599.

In the trial court, Samantha claimed Rules 316 and 329b(f) provide such an exception in this case because the Judgment Nunc Pro Tunc merely corrected a clerical error. Samantha correctly noted that the trial court "orally rendered judgment for attorney's fees" on September 6, and that an order reflecting the award "was never formally entered." Samantha argued, "The omission of such an order is a clerical error which is capable of correction[,]" because "[t]he Court maintains the ability to correct clerical mistakes under the authority of Texas Rules of Civil Procedure 316 and 329(f)."

7

Samantha cited *Lubbock County v. Reyna*, 670 S.W.3d 769 (Tex. App.—Amarillo 2023, pet. denied), and *Hutcherson v. Lawrence*, 673 S.W.2d 947 (Tex. App.—Tyler 1984, orig. proceeding), as examples of cases in which judgments nunc pro tunc, signed outside plenary jurisdiction, were found to have been properly employed to add attorney's fees to written judgments that originally did not include such fees. Another such example is our opinion in *In the Interest of A.K.M.*, No. 09-12-00464-CV, 2014 Tex. App. LEXIS 2230, at *42 (Tex. App.—Beaumont Feb. 27, 2014, pet. denied) (mem. op.), where we concluded "that the trial judge's pronouncement awarded a judgment in favor of W. from M. for attorney's fees, and the failure to include in the written judgment a provision that expressly ordered M. to pay W. attorney's fees in the amount of $241,417.59 was a clerical error that the trial court could properly correct by entry of a judgment nunc pro tunc."[3]

We consider those cases distinguishable because in each such case, the record established that the trial court orally rendered a judgment that included an award of attorney's fees and that an error omitting such fees occurred when the court's oral rendition was subsequently being reduced to writing, resulting in a variance between the original oral rendition and the original written judgment. Not so here. The final

---

[3]*Cf. In the Int. of A.S.G.*, 345 S.W.3d 443, 448-49 (Tex. App.—San Antonio 2011, no pet.) ("[B]ecause an award of attorney's fees is a substantive issue, and not merely correction of a clerical error, the court's subsequent amended order may not be upheld under the rules permitting a court to modify a judgment after expiration of its plenary power in order to correct a clerical error.").

judgment indicates each side was responsible for its own attorney's fees, and nothing in the mandamus record indicates this provision varies from any prior oral rendition. Based on the record, we conclude that on June 17 the trial court signed a written judgment free from clerical error, accurately representing the judgment the trial court actually rendered, including the provision that each side was responsible for its own attorney's fees. The record also establishes that the trial court subsequently made rulings that required additional judicial reasoning and determinations, including considering whether Michael was entitled to a new trial, considering whether Samantha's counsel was entitled to attorney's fees, receiving evidence regarding the amount of those fees, and deciding to award the law firm most, but not all, of the amount requested. These were judicial decisions, not clerical tasks.

The trial court acted within its plenary power when it orally pronounced it was denying Michael's motion for new trial and requiring Michael to pay a portion of Samantha's attorney fees for responding to the motion. By rule, the first of these pronouncements required no written order and had already been accomplished by operation of law. Tex. R. Civ. P. 329b(c). The second, however, would require modification of a "substantive adjudicated portion[] of the judgment" because the judgment indicated that each party was responsible for its own attorney's fees "in this case." *See Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("The trial court may not, however,

9

issue an order that is inconsistent with the original judgment or that otherwise constitutes 'a material change in the substantive adjudicative portions of the judgment' after its plenary power has expired.") (quoting *Comm'n for Lawyer Discipline v. DeNisco*, 132 S.W.3d 211, 215 (Tex. App.—Houston [14th Dist.] 2004, no pet.)).

"An order granting a new trial or modifying, correcting, or reforming a judgment must be written and signed. A trial judge's oral pronouncement granting a motion for new trial or motion to modify, reform, or correct a judgment and a docket entry indicating that such motion was granted cannot substitute for a written order required by Rule 329b." *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993) (orig. proceeding) (citing Tex. R. Civ. P. 329b(c) and *McCormack v. Guillot*, 597 S.W.2d 345, 346 (Tex. 1980) (orig. proceeding)). Therefore, to be effective, the trial court's oral modification of the attorney's fees provision of the final judgment was required to be reduced to writing and signed by the judge before the trial court's plenary power expired on October 3. This was not done, and "the failure to follow the express requirements of Rule 329b(c) is not a clerical error." *Taack v. McFall*, 661 S.W.2d 923, 924 (Tex. 1983) (orig. proceeding).

Conclusion

The Judgment Nunc Pro Tunc did not correct a clerical error in the Default Final Decree of Divorce, because the difference between the two judgments required

10

additional judicial reasoning and determination. "An attempted nunc pro tunc judgment entered after the trial court loses plenary jurisdiction is void if it corrects judicial rather than clerical errors." *Tex. Dep't of Transp.*, 397 S.W.3d at 167. We conclude the trial court's March 4, 2025, orders are void. We also conclude Michael's March 13, 2025, Motion for New Trial was untimely, because it was filed after his preceding motion for new trial was overruled and more than thirty days after the judgment complained of was signed. *See* Tex. R. Civ. P. 329b(a) (b). An untimely motion for new trial is a nullity. *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). Therefore, the trial court is not required to hear or consider the motion.

We conditionally grant partial mandamus relief. We are confident the trial court will vacate the March 4, 2025, Order on Motion for Judgment Nunc Pro Tunc and the March 4, 2025, Judgment Nunc Pro Tunc. All other relief requested in Michael's petition is denied.

PETITION CONDITIONALLY GRANTED IN PART; DENIED IN PART.

PER CURIAM

Submitted on August 25, 2025
Opinion Delivered September 18, 2025

Before Johnson, Wright and Chambers, JJ.

11